# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **S.W., K.W., and D.Y.**

**No. 21-0477** (Logan County 20-JA-12, 20-JA-13, and 20-JA-14)

## MEMORANDUM DECISION

Petitioner Mother M.W., by counsel Diana Carter Wiedel, appeals the Circuit Court of Logan County's May 18, 2021, order terminating her parental rights to S.W., K.W., and D.Y.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Donna Pratt, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent and in terminating her parental rights when she was suffering from a "catastrophic illness" and was unable to communicate with counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, the DHHR filed an abuse and neglect petition alleging that petitioner's substance abuse resulted in her significant neglect of the children. According to the petition, the children reported that they "never have dinner" and stay at a friend's home. The children also disclosed that D.Y. had recently fallen down the steps but that no one sought treatment for him. S.W. reported that D.Y. was "very sick." The children also reported witnessing domestic violence in the home. Based on these disclosures and other information, the DHHR alleged that the children were abused and/or neglected. In March of 2020, the DHHR filed an amended petition alleging

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

that petitioner was arrested for possession of heroin and "[a]iding [e]scape and [o]ther [o]ffences [r]elating to [a]dults and [j]uveniles in [c]ustody or [c]onfinement."

On July 14, 2020, the circuit court held an adjudicatory hearing. Petitioner did not attend, but was represented by counsel.[2] Petitioner's counsel represented that petitioner attended a multidisciplinary team meeting the day prior to the hearing and filed an answer and motion for a post-adjudicatory improvement period. According to the record, petitioner's answer "acknowledges [she] ha[s] a substance abuse addiction which impaired her ability to properly parent the [i]nfants." The DHHR requested that the court accept petitioner's answer, to which there was no objection. In the court's subsequent order, it found that petitioner neglected the children and held her motion for an improvement period in abeyance. The court later granted the motion for an improvement period at a hearing in August of 2020.

Thereafter, petitioner went through a series of attorneys before her current counsel was appointed. Further, petitioner was hospitalized in October of 2020. In November of 2020, petitioner contacted both her counsel and the DHHR to inform them that she was still in the ICU. As such, the court granted petitioner's motion to continue an upcoming hearing until January of 2021. Petitioner was discharged from the hospital in December of 2020, after which she did not contact her attorney. The hearing scheduled for January of 2021 was then rescheduled to March of 2021. Despite this continuance, petitioner did not appear for the rescheduled hearing.

In April of 2021, the court held a dispositional hearing. Petitioner again failed to appear, but her counsel appeared on her behalf. The DHHR presented evidence that petitioner had not had any contact with the DHHR or the children since December of 2020 and was noncompliant with her ordered services. Based on this evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the children's welfare. The court ultimately terminated petitioner's parental rights by order entered on May 18, 2021. In June of 2021, petitioner contacted her attorney and indicated that she had moved to New York following her discharge from the hospital in December of 2020. According to petitioner, she was subsequently hospitalized several more times. Counsel then filed a motion to reconsider the termination of petitioner's parental rights, which the court denied. It is from the court's May 18, 2021, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]At this time, petitioner had different counsel than on appeal.

[3]The father of S.W. and K.W. voluntarily relinquished his parental rights below. The permanency plan for those children is adoption in the current foster home. The permanency plan for D.Y. is to remain in the care of the nonabusing father.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues that her adjudication was in error because the court should not have based adjudication on her answer. We find, however, that it is unnecessary to address this assignment of error because petitioner waived the issue by failing to object below. Indeed, at adjudication, petitioner's counsel specifically informed the court of the answer, in which petitioner admitted to her substance abuse resulting in the children's neglect, and counsel failed to object when the DHHR moved for the answer to be accepted. Moreover, even after the circuit court entered its order adjudicating petitioner, the record is devoid of any objection to the basis or form of the adjudication. As such, to the extent that any error occurred, petitioner invited the same. Syl. Pt. 2, *Hopkins v. DC Chapman Ventures, Inc.*, 228 W. Va. 213, 719 S.E.2d 381 (2011) ("A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal."). It is also important to note that despite her reliance on Rule 26 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings,[4] petitioner fails to allege on appeal that her admission to neglecting the children as contained in her answer was involuntary, unknowing, or made as a result of fraud or duress. In short, petitioner provides this Court with no basis upon which to find that her adjudication was improper, other than the court's failure to strictly follow the procedural requirements of Rule 26, which we again stress that petitioner did not raise an objection to below. As such, petitioner is entitled to no relief on appeal.

Finally, petitioner argues that the circuit court erred in terminating her parental rights when she suffered from a "catastrophic illness" that required being placed on life support, months of hospitalizations, various surgeries, and months of recuperation. We decline to address this

---

[4]Relevant to the issues on appeal, Rule 26(b) requires that

[b]efore accepting a stipulated or uncontested adjudication, the court shall determine that the parties understand the content and consequences of the admission or stipulation, the parties voluntarily consent, and that the stipulation or uncontested adjudication meets the purposes of these rules and controlling statute and is in the best interests of the child.

Additionally, Rule 26(d) provides that "[i]f the reliability of such admissions or stipulations is challenged for fraud, duress or other like cause, the court shall determine the issues thus drawn on the record."

assignment of error, however, because petitioner cites to no authorities in support of this argument. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he brief must contain an argument exhibiting clearly the points of . . . law presented . . . and citing the authorities relied on." Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" and "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented" are not in compliance with this Court's rules. In that order, the Court went on to instruct that "all of the requirements of the Rules must be strictly observed by litigants" because "[t]he Rules are not mere procedural niceties; they set forth a structured method to permit litigants and this Court to carefully review each case." In ordering that all litigants before this Court must comply with the Rules of Appellate Procedure, the Court cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'" Because petitioner provides no authority in support of her assignment of error, we find that she is entitled to no relief.

Additionally, aside from asserting that she was incapable of complying with the required services necessary to achieve reunification with the children, petitioner does not challenge the circuit court's findings that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future and that termination of her rights was necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon these findings. Further, as this Court has held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 18, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2021

**CONCURRED IN BY**:
Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton